**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BLADE ANTHONY DURANT,

    Petitioner,             Civil No. 2:18-CV-10791
                                        HONORABLE DENISE PAGE HOOD
v.                                CHIEF UNITED STATES DISTRICT JUDGE

GREG SKIPPER,

    Respondent,
_____/

## OPINION AND ORDER HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

Blade Anthony Durant, ("Petitioner"), confined at the Michigan Reformatory in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder, armed robbery, and felony firearm. The petition is subject to dismissal because none of the claims have been exhausted with the state courts. In *lieu* of dismissing the petition, the Court holds the petition in abeyance and stays the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed without prejudice. The Court administratively closes the case.

1

## I. Background

Petitioner was originally charged with first-degree murder, armed robbery, and felony-firearm. Petitioner pleaded guilty to a reduced charge of second-degree murder and to the other two charges in the Wayne County Circuit Court. On January 15, 2017, petitioner was sentenced to 20 to 40 years in prison on the second-degree murder conviction and received lesser sentences on the other charges.

On March 2, 2018, petitioner filed a petition for writ of habeas corpus.[1] Petitioner seeks habeas relief on several grounds. By his own admission, petitioner did not file an appeal with the Michigan appellate courts and has yet to present any of these claims to the Michigan courts either on direct appeal or on state post-conviction review.

## II. Discussion

The petition is subject to dismissal, because petitioner has not exhausted his claims with the state courts.

A state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court.

---

[1] Under the prison mailbox rule, this Court considers the petition to have been filed on March 2, 2018, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court may adjudicate the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). The instant petition is subject to dismissal, because petitioner failed to allege or indicate that he exhausted available state court remedies. *See Peralta v. Leavitt,* 56 F. App'x. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981).

The exhaustion doctrine, in the context of habeas cases, turns upon

whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Under M.C.R. 7.205(F)(3), petitioner had six months to file a delayed application for leave to appeal with the Michigan Court of Appeals. Because petitioner was sentenced on January 15, 2017, the time for him to seek direct appellate review of his case has expired. This does not mean, however, that petitioner does not have an available state court remedy with which to exhaust his claims.

Petitioner could exhaust his claims regarding his state court conviction by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Wayne County Circuit Court. *See Wagner v. Smith,* 581 F. 3d at 419. Under Michigan law, a defendant's criminal conviction is reviewable in accordance with M.C.R. 6.500 *et. seq.* when the time limitation for filing an application for leave to appeal has expired. *See People v. Caston*, 228 Mich. App. 291, 297-98; 579 N.W. 2d 368 (1998). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Petitioner can exhaust his claims by filing a post-conviction motion for relief from judgment; any habeas challenge to his state court convictions is thus premature. *See e.g. Enochs v. Walton*, No. 2:12-CV-11507, 2012 WL 1401729, at *5 (E.D. Mich. Apr. 19, 2012).

The Court is concerned that by dismissing the current petition, albeit without prejudice, there is the danger that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claims in the state courts. [2]

A habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition

---

[2] The Court notes that petitioner on the first page of his petition indicated that he initially entered an insanity plea, suggesting that he may have some mental health issues which further supports holding the petition in abeyance rather than dismissing it without prejudice.

to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F. 3d at 419. Further, petitioner may assert that he did not previously raise his claims in the state courts because he did not have the assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. [3]

The mere fact that all of petitioner's claims are unexhausted does not prevent this Court from holding his petition in abeyance. "Although *Rhines* discussed this procedure in the context of "mixed petitions," other circuits have found it appropriate for petitions containing solely unexhausted claims." *Hickey v. Hoffner*, 701 F. App'x. 422, 426, n. 5 (6th Cir. 2017).

---

[3] To the extent that petitioner has mental health problems, these might independently constitute good cause for holding the petition in abeyance. *See e.g. Roberts v. Norris*, 526 F. Supp. 2d 926, 948-49 (E.D. Ark. 2007).

Every circuit, in fact, that has addressed the issue has held that the *Rhines* abeyance procedure applies to habeas petitions that contain only unexhausted claims. *See Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016); *Doe v. Jones*, 762 F.3d 1174, 1180 (10th Cir. 2014); *Heleva v. Brooks*, 581 F.3d 187, 191–92 (3d Cir.2009); *Dolis v. Chambers*, 454 F.3d 721, 724–25 (7th Cir. 2006).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within ninety days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

## III. ORDER

The Court holds the petition in abeyance. Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety (90) days from the date of this Order. *See e.g. Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, he must ask this Court to lift the stay within ninety (90) days of exhausting his state court remedies. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). [4] To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: April 30, 2018

---

[4] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F. App'x. 414, 422, n. 7 (6th Cir. 2005).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2018, by electronic and/or ordinary mail.

                      <u>s/LaShawn R. Saulsberry</u>
                      Case Manager